Law Division Motion Section Initial Case Management Dates for 12-Persons (A,B,C,D,E,F,H,R,X,Z) will be held
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4986 Sub 6 Pg 129   1   3   1
Court Date: <<CmsHearingStart>>

FILED
1/3/2025 11:02 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L000064
Calendar, B
30813704

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DAVID MARTINEZ,                          )
                                         )
            Plaintiff,                   )          2025L000064
    vs.                                  )
                                         )          No.
                                         )
O'REILLY AUTOMOTIVE ENTERPRISES,         )          *Plaintiff demands a trial by jury.*
LLC, a Delaware Limited Liability Company; and  )
VAQUERO FRANKLIN PARK PARTNERS, LP,      )
a Texas Limited Partnership,             )
                                         )
            Defendants.                  )

For updated information about your case, including hearings, subsequent filings
and other case information, please visit our Online Case Search
and search for your case: https://casesearch.cookcountyclerkofcourt.org

## COMPLAINT AT LAW

## COUNT I

## NEGLIGENCE – O'REILLY AUTOMOTIVE ENTERPRISES, LLC

Plaintiff, DAVID MARTINEZ, by and though his attorneys, MONICI, LONGO, & ASSOCIATES, and complaining of Defendant, O'REILLY AUTOMOTIVE ENTERPRISES, LLC, a Delaware Limited Liability Company (hereinafter "O'REILLY"), states as follows:

1.  On and before April 21, 2024, Defendant O'REILLY was a Delaware Limited Liability Company in the business of owning, operating, managing, maintaining and/or controlling an auto parts retail store open to the public known as "O'Reilly Auto Parts" located at 9659 W. Grand Avenue in Village of Franklin Park, County of Cook, and State of Illinois.

2.  On and before April 21, 2024, Defendant O'REILLY maintained certain other parking spaces immediately adjacent to a public sidewalk that runs in an east-west direction along the southside of Grand Avenue in the Village of Franklin Park, County of Cook, and State of Illinois.

1

**EXHIBIT A**

* 5 0 5 0 9 1 3 1 *

FILED DATE: 1/3/2025 11:02 AM   2025L000064

3. On and before April 21, 2024, Defendant O'REILLY set up moveable posts with signs on them at the front of each of the aforesaid parking spaces adjacent to the aforesaid sidewalk in order to identify the parking spaces as being for the exclusive use of O'REILLY customers.

4. On and before April 21, 2024, Defendant O'REILLY had actual and constructive notice of the fact that one or more of the posts used for the parking signs was in gross disrepair by virtue of being bent in such a way that one or more of the posts were not maintained in an upright position and instead protruded over the surrounding area, including over the aforesaid public sidewalk that runs in an east-west direction along the southside of Grand Avenue in the Village of Franklin Park, County of Cook, and State of Illinois.

5. On and before April 21, 2024, Defendant O'REILLY had actual and/or constructive knowledge that the posts hanging over the aforesaid public sidewalk constituted a tripping hazard and a dangerous condition, and that it would in no way constitute an open and obvious condition to anyone who encountered it in the evening when it was dark outside.

6. On the evening of April 21, 2024, at approximately 9:00 p.m., Plaintiff, DAVID MARTINEZ, was lawfully walking eastbound on a public sidewalk along the south side of Grand Avenue in the Village of Franklin Park, County of Cook, and State of Illinois.

7. On the evening of April 21, 2024 at approximately 9:00 p.m., as he lawfully walked eastbound on the public sidewalk on south side of Grand Avenue, Plaintiff DAVID MARTINEZ tripped over one of the aforesaid posts that was protruding over the public sidewalk, causing him to fall and sustain injuries.

8. On or before April 21, 2024, Defendant knew or in the exercise of reasonable care should have known that individuals walking on the public sidewalk along the southside of Grand

2

* 5 0 5 0 9 1 3 1 *

Avenue would not expect to encounter a post hanging over the sidewalk and would not be able to see or appreciate said post in the evening when it was dark, and had such notice and awareness of the dangerous condition it created and sufficient time to remedy the condition prior to Plaintiff's subsequent encounter with it.

9. On and before April 21, 2024, the Defendant had a duty to exercise reasonable care toward individuals using the public sidewalk it was encumbering with its post, including Plaintiff.

10. On and before April 21, 2024, notwithstanding said duty, Defendant O'REILLY was negligent in one or more of the following aspects:

   a) Created an unreasonably dangerous trip and fall hazard;

   b) Placed a post on its premises that hung over the adjacent sidewalk;

   c) Failed to make a reasonable inspection of the aforesaid premises, when the Defendant knew or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

   d) Failed to warn or otherwise protect persons, such as the Plaintiff of the unreasonably dangerous condition;

   e) Failed to perform proper maintenance on said post so that it would remain in an upright position;

   f) Allowed its post to hang over a public sidewalk;

   g) Allowed its post to remain out after its regular business hours where poor visibility would prevent pedestrians from appreciating the post;

   h) Tucked the round base of the aforesaid posts directly underneath parking bumpers when it knew or should have known that such placement would result in parking cars hitting the posts, causing them to bend or otherwise threaten the safety of pedestrians using the adjacent sidewalk.

11. That as a direct and proximate result of one or more of the foregoing negligent and/or omissions, Plaintiff sustained injuries of a personal, permanent and pecuniary nature and, the Plaintiff then and there suffered severe and permanent injury, both externally and

* 5 0 5 0 9 1 3 1 *

internally, was and will in the future be hindered from attending to his usual duties and

affairs, suffered and will in the future suffer great pain and anguish, in both mind and in

body, and, expended and will in the future expend large sums of money for medical care

and services while endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, DAVID MARTINEZ, prays that judgment be entered against the

Defendant, O'REILLY AUTOMOTIVE ENTERPRISES, LLC, a Delaware Limited Liability

Company, for an amount in excess of jurisdictional limits established by this court, plus the costs

of this suit.

## COUNT II

## PREMISES LIABILITY – O'REILLY AUTOMOTIVE ENTERPRISES, LLC

Plaintiff, DAVID MARTINEZ, by and though his attorneys, MORICI, LONGO, &

ASSOCIATES, and complaining of Defendant, O'REILLY AUTOMOTIVE ENTERPRISES

LLC, a Delaware Limited Liability Company, (hereinafter "O'REILLY") states as follows:

1    On and before April 21 2024, Defendant O'REILLY was a Delaware Limited Liability

Company in the business of owning, operating, managing, maintaining and/or controlling

an auto parts retail store open to the public known as "O'Reilly Auto Parts" located at 9659

West Grand Avenue in Village of Franklin Park, County of Cook, and State of Illinois.

2    On and before April 21 2024, Defendant O'REILLY maintained certain customer parking

spaces immediately adjacent to a public sidewalk that runs in an east west direction along

the southside of Grand Avenue in the Village of Franklin Park, County of Cook, and state

of Illinois.

3.    On and before April 21, 2024, Defendant O'REILLY set up moveable posts with signs on

them at the front of each of the aforesaid parking spaces adjacent to the aforesaid sidewalk

4

* 5 0 5 0 9 1 3 1 *

in order to identify the parking spaces as being for the exclusive use of O'REILLY customers.

4. On and before April 21, 2024, Defendant O'REILLY had actual and constructive notice of the fact that one or more of the posts used for the parking signs was in gross disrepair by virtue of being bent in such a way that one or more of the posts were not maintained in an upright position and instead protruded over the surrounding area, including over the aforesaid public sidewalk that runs in an east-west direction along the southside of Grand Avenue in the Village of Franklin Park, County of Cook, and State of Illinois.

5. On and before April 21, 2024, Defendant O'REILLY had actual and/or constructive knowledge that the posts hanging over the aforesaid public sidewalk constituted a tripping hazard and a dangerous condition, and that it would in no way constitute an open and obvious condition to anyone who encountered it in the evening when it was dark outside.

6. On the evening of April 21, 2024, at approximately 9:00 p.m., Plaintiff, DAVID MARTINEZ, was lawfully walking eastbound on a public sidewalk along the south side of Grand Avenue in the Village of Franklin Park, County of Cook, and State of Illinois.

7. On the evening of April 21, 2024, at approximately 9:00 p.m., as he lawfully walked eastbound on the public sidewalk on south side of Grand Avenue, Plaintiff DAVID MARTINEZ tripped over one of the aforesaid posts that was protruding over the public sidewalk causing him to fall and sustain injuries.

8. On and before April 21, 2024, Defendant knew or in the exercise of reasonable care should have known that individuals walking on the public sidewalk along the southside of Grand Avenue would not expect to encounter a post hanging over the sidewalk and would not be able to see or appreciate said post in the evening when it was dark, and had such notice and

FILED DATE: 1/3/2025 11:02 AM   2025L000064

* 5 0 5 0 9 1 3 1 *

awareness of the dangerous condition it created and sufficient time to remedy the condition prior to Plaintiff's subsequent encounter with it.

9.  On and before April 21, 2024, the Defendant had a duty to maintain its premises, including the aforesaid posts abutting their parking spaces, in a reasonably safe condition.

10. On and before April 21, 2024, notwithstanding said duty, Defendant O'REILLY was negligent in one or more of the following aspects:

    a)    Created an unreasonably dangerous trip and fall hazard;

    b)    Placed a post on its premises that hung over the adjacent sidewalk;

    c)    Failed to make a reasonable inspection of the aforesaid premises, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

    d)    Failed to warn or otherwise protect persons, such as the Plaintiff of the unreasonably dangerous condition;

    e)    Failed to perform proper maintenance on said post so that it would remain in an upright position;

    f)    Allowed its post to hang over a public sidewalk;

    g)    Allowed its post to remain out after its regular business hours where poor visibility would prevent pedestrians from appreciating the post;

    h)    Tucked the round base of the aforesaid posts directly underneath parking bumpers when it knew or should have known that such placement would result in parking cars hitting the posts, causing them to bend or otherwise threaten the safety of pedestrians using the adjacent sidewalk.

11. That as a direct and proximate result of one or more of the foregoing negligent and/or omissions, Plaintiff sustained injuries of a personal, permanent and pecuniary nature and, the Plaintiff then and there suffered severe and permanent injuries, both externally and internally, was and will in the future be hindered from attending to her usual duties and affairs, suffered and will in the future suffer great pain and anguish, in both mind and in

FILED DATE: 1/3/2025 11:02 AM   2025L000064

* 5 0 5 0 9 1 3 1 *

FILED DATE: 1/3/2025 11:02 AM   2025L000064

body, and, expended and will in the future expend large sums of money for medical care and services while endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, DAVID MARTINEZ, prays that judgment be entered against the Defendant, O'REILLY AUTOMOTIVE ENTERPRISES, LLC, a Delaware Limited Liability Company, for an amount in excess of jurisdictional limits established by this court, plus the costs of this suit.

## COUNT III

## NEGLIGENCE - VAQUERO FRANKLIN PARK PARTNERS, LP

Plaintiff, DAVID MARTINEZ, by and though his attorneys, MORICI, LONGO, & ASSOCIATES, and complaining of Defendant, VAQUERO FRANKLIN PARK PARTNERS, LP, a Texas Limited Partnership (hereinafter "VAQUERO"), states as follows:

1. On and before April 21, 2024, Defendant VAQUERO was a Texas Limited Partnership in the business of owning, operating, managing, maintaining and/or controlling a commercial property located at 9659 West Grand Avenue in Village of Franklin Park, County of Cook, and State of Illinois.

2. On and before April 21, 2024, Defendant VAQUERO maintained certain customer parking spaces immediately adjacent to a public sidewalk that runs in an east-west direction along the southside of Grand Avenue in the Village of Franklin Park, County of Cook, and State of Illinois

   On and before April 21, 2024, Defendant VAQUERO leased and/or permitted its tenant at 9659 West Grand Avenue to set up moveable posts with signs on them at the front of each of the aforesaid parking spaces adjacent to the aforesaid sidewalk in order to identify

7

* 5 0 5 0 9 1 3 1 *

FILED DATE: 1/3/2025 11:02 AM   2025L000064

the parking spaces as being for the exclusive use of customers doing business at its property.

4.  On and before April 21, 2024, Defendant VAQUERO had actual and constructive notice of the fact that one or more of the posts used for the parking signs was in gross disrepair by virtue of being bent in such a way that one or more of the posts were not maintained in an upright position and instead protruded over the surrounding area, including over the aforesaid public sidewalk that runs in an east-west direction along the southside of Grand Avenue in the Village of Franklin Park, County of Cook, and State of Illinois.

5.  On and before April 21, 2024, Defendant VAQUERO had actual and/or constructive knowledge that the posts hanging over the aforesaid public sidewalk constituted a tripping hazard and a dangerous condition, and that it would in no way constitute an open and obvious condition to anyone who encountered it in the evening when it was dark outside.

6.  On the evening of April 21, 2024, at approximately 9:00 p.m., Plaintiff, DAVID MARTINEZ, was lawfully walking eastbound on a public sidewalk along the south side of Grand Avenue in the Village of Franklin Park, County of Cook, and State of Illinois.

7.  On the evening of April 21, 2024, at approximately 9:00 p.m., as he lawfully walked eastbound on the public sidewalk on south side of Grand Avenue, Plaintiff DAVID MARTINEZ tripped over one of the aforesaid posts that was protruding over the public sidewalk, causing him to fall and sustain injuries.

8.  On and before April 21, 2024, Defendant Vaquero in the exercise of reasonable care should have known that individuals walking on the public sidewalk along the southside of Grand Avenue would not expect to encounter a post hanging over the sidewalk and would not be able to see or appreciate said post in the evening when it was dark, and had such notice and

8

* 5 0 5 0 9 1 3 1 *

awareness of the dangerous condition it created and sufficient time to remedy the condition prior to Plaintiff's subsequent encounter with it.

9.     On and before April 21, 2024, the Defendant had a duty to exercise reasonable care toward individuals using the public sidewalk it was encumbering with its post, including Plaintiff.

10.    On and before April 21, 2024, notwithstanding said duty, Defendant VAQUERO was negligent in one or more of the following aspects:

a)     Allowed an unreasonably dangerous trip and fall hazard;

b)     Allowed a post on its premises that hung over the adjacent sidewalk;

c)     Failed to make a reasonable inspection of the aforesaid premises, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

d)     Failed to warn or otherwise protect persons, such as the Plaintiff of the unreasonably dangerous condition;

e)     Failed to perform proper maintenance on said post so that it would remain in an upright position;

f)     Allowed the aforesaid post to hang over a public sidewalk;

g)     Allowed the aforesaid post to remain out after its regular business hours where poor visibility would prevent pedestrians from appreciating the post;

h)     Tucked the round base of the aforesaid posts directly underneath parking bumpers when it knew or should have known that such placement would result in parking cars hitting the posts, causing them to bend or otherwise threaten the safety of pedestrians using the adjacent sidewalk.

11.    That as a direct and proximate result of one or more of the foregoing negligent and/or omissions, Plaintiff sustained injuries of a personal, permanent and pecuniary nature and the Plaintiff then and there suffered severe and permanent injuries, both externally and internally, was and will in the future be hindered from attending to his usual duties and affairs, suffered and will in the future suffer great pain and anguish, in both mind and in

FILED DATE: 1/3/2025 11:02 AM   2025L000064

* 5 0 5 0 9 1 3 1 *

FILED DATE: 1/3/2025 11:02 AM   2025L000064

body, and, expended and will in the future expend large sums of money for medical care and services while endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, DAVID MARTINEZ, prays that judgment be entered against the Defendant, VAQUERO FRANKLIN PARK PARTNERS, LP, a Texas Limited Partnership, for an amount in excess of jurisdictional limits established by this court, plus the costs of this suit.

## COUNT IV

## PREMISES LIABILITY – VAQUERO FRANKLIN PARK PARTNERS, LP

Plaintiff, DAVID MARTINEZ, by and though his attorneys, MORICI, LONGO, & ASSOCIATES, and complaining of Defendant, VAQUERO FRANKLIN PARK PARTNERS, LP, a Texas Limited Partnership, (hereinafter "VAQUERO") states as follows:

1. On and before April 21, 2024, Defendant VAQUERO was a Texas Limited Partnership in the business of owning, operating, managing, maintaining and/or controlling a commercial property located at 9659 West Grand Avenue in Village of Franklin Park, County of Cook, and State of Illinois.

2. On and before April 21, 2024, Defendant VAQUERO maintained certain customer parking spaces immediately adjacent to a public sidewalk that runs in an east-west direction along the southside of Grand Avenue in the Village of Franklin Park, County of Cook and State of Illinois

3. On and before April 21, 2024, Defendant VAQUERO, caused and/or permitted its tenant at 9659 West Grand Avenue to set up moveable posts with signs on them at the front of each of the aforesaid parking spaces adjacent to the aforesaid sidewalk in order to identify the parking spaces as being for the exclusive use of customers doing business at its property.

10

\* 5 0 5 0 9 1 3 1 \*

4.   On and before April 21, 2024, Defendant VAQUERO had actual and constructive notice of the fact that one or more of the posts used for the parking signs was in gross disrepair by virtue of being bent in such a way that one or more of the posts were not maintained in an upright position and instead protruded over the surrounding area, including over the aforesaid public sidewalk that runs in an east-west direction along the southside of Grand Avenue in the Village of Franklin Park, County of Cook, and State of Illinois.

5.   On and before April 21, 2024, Defendant VAQUERO had actual and/or constructive knowledge that the posts hanging over the aforesaid public sidewalk constituted a tripping hazard and a dangerous condition, and that it would in no way constitute an open and obvious condition to anyone who encountered it in the evening when it was dark outside.

6.   On the evening of April 21, 2024, at approximately 9:00 p.m., Plaintiff DAVID MARTINEZ, was lawfully walking eastbound on a public sidewalk along the south side of Grand Avenue in the Village of Franklin Park, County of Cook, and State of Illinois.

7.   On the evening of April 21, 2024, at approximately 9:00 p.m., as he lawfully walked eastbound on the public sidewalk on south side of Grand Avenue, Plaintiff DAVID MARTINEZ tripped over one of the aforesaid posts that was protruding over the public sidewalk, causing him to fall and sustain injuries.

8.   On and before April 21, 2024, Defendant knew or in the exercise reasonable care should have known that individuals walking on the public sidewalk along the southside of Grand Avenue would not expect to encounter a post hanging over the sidewalk and would not be able to see or appreciate said post in the evening when it was dark, and had such notice and awareness of the dangerous condition it created and sufficient time to remedy the condition prior to Plaintiff's subsequent encounter with it.

* 5 0 5 0 9 1 3 1 *

FILED DATE: 1/3/2025 11:02 AM   2025L000064

9.   On and before April 21, 2024, the Defendant had a duty to maintain its premises, including the aforesaid posts abutting their parking spaces, in a reasonably safe condition.

10.   On and before April 21, 2024, notwithstanding said duty, Defendant VAQUERO was negligent in one or more of the following aspects:

a)   Allowed an unreasonably dangerous trip and fall hazard;

b)   Allowed a post on its premises that hung over the adjacent sidewalk;

c)   Failed to make a reasonable inspection of the aforesaid premises, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

d)   Failed to warn or otherwise protect persons, such as the Plaintiff of the unreasonably dangerous condition;

e)   Failed to perform proper maintenance on said post so that it would remain in an upright position;

f)   Allowed the aforesaid post to hang over a public sidewalk;

g)   Allowed the aforesaid post to remain out after its regular business hours where poor visibility would prevent pedestrians from appreciating the post;

h)   Tucked the round base of the aforesaid posts directly underneath parking bumpers when it knew or should have known that such placement would result in parking cars hitting the posts, causing them to bend or otherwise threaten the safety of pedestrians using the adjacent sidewalk.

11.   That as a direct and proximate result of one or more of the foregoing negligent and/or omissions, Plaintiff sustained injuries of a personal permanent and pecuniary nature and, the Plaintiff then and there suffered severe and permanent injuries both externally and internally, was and will in the future be hindered from attending to his usual duties and affairs, suffered and will in the future suffer great pain and anguish both mind and in body, and, expended and will in the future expend large sums of money for medical care and services while endeavoring to become healed and cured of said injuries.

12

FILED DATE: 1/3/2025 11:02 AM   2025L000064

WHEREFORE, Plaintiff, DAVID MARTINEZ, prays that judgment be entered against the Defendant, VAQUERO FRANKLIN PARK PARTNERS, LP, a Texas Limited Partnership, for an amount in excess of jurisdictional limits established by this court, plus the costs of this suit.

MORICI, LONGO & ASSOCIATES

_____
Attorney for Plaintiff

Brian S. Shallcross
MORICI, LONGO & ASSOCIATES
732 West Randolph Street 8th Floor
Chicago, Illinois 60661
(312) 372-9600
Firm No. 36252
shallcross@moricilongo.com

13



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DAVID MARTINEZ,                                    )
                                                   )
                          Plaintiff,               )          2025L000064
             vs.                                   )
                                                   )   No.
                                                   )
O'REILLY AUTOMOTIVE ENTERPRISES,                   )   *Plaintiff demands a trial by jury.*
LLC, a Delaware Limited Liability Company; and     )
VAQUERO FRANKLIN PARK PARTNERS, LP,                )
a Texas Limited Partnership,                       )
                                                   )
                          Defendants.              )

**JURY DEMAND**

The undersigned demands a jury trial.

_____
Brian S. Shallcross

_____
Date

Brian S. Shallcross
**MORICI, LONG & ASSOCIATES**
Attorneys for Plaintiff
West Randolph Street, 5th floor,
Chicago, Illinois 60661
(312) 372-9600
Attorney No. 30252
shallcross@moricilongo.com

FILED DATE: 1/3/2025 11:02 AM  2025L000064



Law Division Motion Section Initial Case Management D... for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: <<CmsHearingStart>>

FILED
1/3/2025 11:02 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L000064
Calendar, B
30813704

FILED DATE: 1/3/2025 11:02 AM   2025L000064

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DAVID MARTINEZ, )
)
     Plaintiff, )
vs. )   No.
)
)   *Plaintiff demands a trial by jury.*
O'REILLY AUTOMOTIVE ENTERPRISES, )
LLC, a Delaware Limited Liability Company; and )
VAQUERO FRANKLIN PARK PARTNERS, LP, )
a Texas Limited Partnership, )    2025L000064
)
     Defendants. )

### AFFIDAVIT

    I, Brian S. Shallcross, being first duly sworn on oath, deposes and states that if I were called

upon to testify, I would state as follows:

1. That I am an attorney at law licensed to practice in the State of Illinois.
2. That I am an attorney with the law firm of Morici, Longo & Associates attorney of record for the Plaintiff, DAVID MARTINEZ.
3. That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $30,000.00.
4. That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

Further, Affiant sayeth naught.

[X]   Under penalties as provided by law pursuant to 735 ILCS § 5/1-109 of the Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct, except as to matters therein stated to be upon information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

                                    Attorney for Plaintiff

Brian Shallcross
**MORICI, LONGO & ASSOCIATES**
732 West Randolph Street, 8th Floor
Chicago, Illinois 60661
(312) 372-9600
Attorney No. 36252
shallcross@moricilongo.com



* 1 E 1 6 0 5 0 5 *